**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**James H. NOBLE, Respondent.**

**No. 88–SC–000502–KB.**

Supreme Court of Kentucky.

Oct. 27, 1988.

Bruce K. Davis, Director, Raymond Clooney, Kentucky Bar Ass'n, Frankfort, for complainant.

J. Calvin Aker, Reece, Lang, Aker & Breeding, P.S.C., London, for respondent.

OPINION AND ORDER

This is a disciplinary proceeding in which the Board of Governors of the Kentucky Bar Association, by a 17–0 vote, found the respondent guilty of unprofessional conduct in violation of the disciplinary rules of the Code of Professional Responsibility, as adopted by the Supreme Court of Kentucky, and recommended that the respondent be disbarred from the practice of law. The respondent was indicted in the United

States District Court for the Eastern District of Kentucky for the offense of corruptly endeavoring to influence, obstruct, and impede the due administration of justice in that he offered to supply and give false information and offered to testify falsely in a criminal trial.

The respondent was convicted of the charge and was committed to the custody of the Attorney General and imprisoned for a period of two years and was fined the sum of $5,050. The respondent did not appeal the conviction.

The respondent appeared in person and with counsel, before the trial commissioner of the Kentucky Bar Association, for the trial of the charges against him. He did not file a notice for the court to review the Board's decision within 30 days from the date of the Board's decision, nor did he furnish the bond required by SCR 3.370(6) for review. The court did not elect on its own motion to review the Board's decision. Accordingly, pursuant to SCR 3.370(8), the decision of the Board of Governors disbarring the respondent is adopted.

IT IS ORDERED that respondent be, and he is hereby, permanently disbarred from the practice of law in the Commonwealth of Kentucky, and he is directed to pay the costs of the proceeding.

The respondent is ordered to notify all courts in which he has matters pending, all clients for whom he is actively involved in litigation, and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within 10 days of the date of this order, and respondent shall simultaneously provide a copy of all such letters to the director of the Kentucky Bar Association.

STEPHENS, C.J., and LAMBERT, GANT, LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.